UNITED STATES DISTRICT COURT.
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALICE MARRERO,<br><br>             Plaintiff,<br><br>-against-<br><br>BORICUA COLLEGE and MOISES PEREYRA,<br><br>             Defendants. | **COMPLAINT**<br><br>Case No.:<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ALICE MARRERO ("Ms. Marrero" or "Plaintiff"), by and through her attorneys, FISHER TAUBENFELD LLP, alleges against BORICUA COLLEGE ("The College" or "Corporate Defendant") and MOISES PEREYRA ("Defendant Pereyra", "Dean Pereyra" or "Individual Defendant") (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. This action arises from Defendants' discriminatory and retaliatory conduct against Plaintiff based on her gender.

2. Plaintiff brings this action pursuant to New York City Human Rights Law, codified in the Administrative Code of the City of New York §§ 8-101 *et seq.* ("NYCHRL" or "City Law"), and the New York State Human Rights Law ("NYSHRL" or "State Law"), codified in the New York State Executive Law Article 15 §§ 290 *et. seq.*, to remedy Defendants' unlawful discrimination against Plaintiff based on her gender and retaliation against her for reporting gender-based harassment. Defendants committed these unlawful acts intentionally and willfully,

with knowledge that they were violating City and State Law and that Plaintiff would be economically injured.

3. Legal relief is sought pursuant to City and State Law.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper under 28 U.S.C § 1332, which confers original jurisdiction upon this Court for actions in which there is a diversity of citizenship.

5. As of the date of the filing of this Complaint, Plaintiff is domiciled in Texas.

6. Upon information and belief, all Defendants are domiciled in New York State.

7. No Defendant is domiciled in the same State as the Plaintiff.

8. The value of the matter in controversy here exceeds $75,000.

9. Venue is proper in this District under 28 U.S.C. § 1367(b) and (c) in that Defendant conducts business in this District and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

10. Pursuant to §8-502(c) of the City Law, within ten (10) days of filing this Complaint, Plaintiff shall serve a copy of this Complaint on the New York City Commission on Human Rights and the Corporation Counsel of the City of New York.

## THE PARTIES

### *Plaintiff*

11. Ms. Marrero is an adult individual who resides in the State of Texas.

12. Ms. Marrero was employed by Defendants beginning in February 2021.

13. Ms. Marrero was at all times material hereto an "employee" within the meaning of City Law, and therefore protected from discrimination and retaliation on the basis of gender.

14. Ms. Marrero was at all times material hereto a "person" within the meaning of State Law, and therefore protected from discrimination and retaliation on the basis of gender.

*Defendants*

15. Upon information and belief, Corporate Defendant is a corporation organized and existing under the laws of the State of New York, which maintains a principal place of business at 489 5th Ave., New York, New York, 10017.

16. At all relevant times hereto, Corporate Defendant has continuously employed (4) or more people and accordingly is an employer within the definition of City and State Law.

17. Defendant Pereyra was at all relevant times Plaintiff's supervisor and the Dean of Academics.

18. Plaintiff reported to Defendant Pereyra at all times during her employment.

19. Defendant Pereyra had the power to hire and fire Plaintiff.

20. Defendant Pereyra is an employer individually liable under City and State Law for harassment against Plaintiff, given that he had power to do more than carry out personnel decisions made by others.

21. Defendant Pereyra participated in and carried out the adverse actions against Plaintiff and aided and abetted the discriminatory acts against Plaintiff.

**FACTUAL ALLEGATIONS**

22. Plaintiff commenced employment with Boricua College as Unit Secretary in the Dean's office on February 8, 2021.

23. Throughout Plaintiff's employment, Defendant Pereyra continually harassed her based on her sex.

24. On her first day, Dean Pereyra commented that she was very young, which she denied.

25. He then went on to state that she must be using "special lotions or something" and asked her if she worked out.

26. When she replied that she did not work out, he commented that she must be "eating well."

27. Two days later, Dean Pereyra asked if he could speak with Plaintiff in private.

28. Plaintiff and the Dean walked into Plaintiff's temporary office space.

29. The Dean informed Plaintiff that the College was making her a full-time employee with benefits.

30. Immediately after informing her of this, Dean Pereyra put his arms around Plaintiff and hugged her, making her extremely uncomfortable.

31. Approximately one month later, on March 12th, Pereyra invited Plaintiff and his Administrative Secretary, Lisette Millan, to lunch at a restaurant called Sofritos.

32. Dean Pereyra asked Ms. Millan to call and make reservations for the three of them.

33. When Ms. Millan called, she discovered that the restaurant did not open until later in the evening.

34. Pereyra told Ms. Millan and the Plaintiff that he wanted to take them to this particular restaurant and suggested that they meet on Saturday instead.

35. Neither Ms. Millan nor Plaintiff wanted to meet on Saturday, so both agreed to go to the restaurant later that evening.

36. Plaintiff's 15-year-old daughter joined the dinner.

37. While at the restaurant, Pereyra convinced Plaintiff and Ms. Millan to order a cocktail, then tried to get them to order a second cocktail, which they both declined.

38. Dean Pereyra commented that he was trying to get Plaintiff and Ms. Millan drunk and laughed.

39. Starting in or around mid-May, Dean Pereyra frequently touched Plaintiff in an unwanted manner and made inappropriate comments to her.

40. On several occasions, Dean Pereyra rubbed Plaintiff's shoulders and arms.

41. On at least one occasion, Dean Pereyra came up from behind Plaintiff's desk and kissed the top of her head.

42. Dean Pereyra occasionally pulled Plaintiff by the arm as she was walking away.

43. Dean Pereyra commented on how "good" Plaintiff looked and smelled and complimented her clothing.

44. Plaintiff spoke with other employees about Pereyra being very "handsy." One employee stated that he behaved in the same way to her. Another employee said that she was able to get him to stop by telling Pereyra that her husband did not like Pereyra touching her like that.

45. On August 25th, Pereyra came up behind Plaintiff, put his hand on her face to turn her head, and tried to kiss her.

46. Plaintiff complained to Human Resources and Boricua's President, Victor Alicea, about Pereyra's sexual harassment.

47. Plaintiff was chastised by Human Resources for complaining directly to the President and told that her report was "inappropriate."

48. After this incident, Francia Castro of Human Resources told Plaintiff to go home and return the next day to meet with her.

49. Plaintiff was kept out of work for six days and then transferred to a different position, Unit Secretary for the Chair of the Generic Studies Department, upon her return.

50. No action was taken against Pereyra. Upon information and belief, he remains in his position without censure despite the many women he has sexually harassed and his most recent victimization of Plaintiff.

51. Even after Plaintiff was transferred, Plaintiff continued to be exposed to Pereyra, as he passed through and lingered around her new department, forcing her to contact Human Resources to have him removed.

**FIRST CAUSE OF ACTION**
**(Discrimination on Basis of Gender**
**in Violation of City Law)**

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

53. By the acts and practices described above, Defendants discriminated against Plaintiff on the basis of her gender by creating a hostile work environment in violation of City Law.

54. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

55. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

**SECOND CAUSE OF ACTION**
**(Discrimination on Basis of Gender**
**in Violation of State Law)**

56. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

57. By the acts and practices described above, Defendants discriminated against Plaintiff on the basis of her gender by creating a hostile work environment in violation of State Law.

58. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

59. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## THIRD CAUSE OF ACTION
### (Retaliation Based on Plaintiff's Complaints of Gender Discrimination in Violation of City Law)

60. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

61. By the acts and practices described above, Defendants retaliated against Plaintiff in violation of City Law because she complained about sex-based harassment.

62. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

63. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## FOURTH CAUSE OF ACTION
### (Retaliation Based on Plaintiff's Complaints of Gender Discrimination in Violation of State Law)

64. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

65. By the acts and practices described above, Defendants retaliated against Plaintiff in violation of State Law because she complained about sex-based harassment.

66. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

67. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants awarding:

A. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

B. Prejudgment Interest;

C. Damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

   Plaintiff hereby demands a jury trial on all claims for relief to which she has a right to a jury trial.

Dated: June 29, 2023
   New York, New York

                Respectfully submitted,

                _____
                Liane Fisher, Esq. (LF-5708)
                FISHER TAUBENFELD LLP
                225 Broadway, Suite 1700
                New York, New York 10007
                Phone: (212) 571-0700
                *ATTORNEYS FOR PLAINTIFF*